

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2002

# Jackson v. Chubb Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2133

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Jackson v. Chubb Corp" (2002). *2002 Decisions.* Paper 333.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/333

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2133
_____

MARIE N. JACKSON,

Appellant

v.

CHUBB CORPORATION; CHUBB & SON, INC.;
FEDERAL INSURANCE COMPANY; PAT HURLEY;
MICHAEL MARINARO; GEORGE FAY; DORIS JOHNSON;
MALCOLM BURTON; JEFF KING; KIM HOGREFE;
BRIAN KIRSTIANSEN; SUSAN GAFFNEY; ED ELLIS;
JIM GARDNER; JOHN DEGNAN; ED SPELL;
SYLVESTER GREEN; RON GOLDSTEIN; AARON GOLDSTEIN

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 98-cv-04361
District Judge:  The Honorable Garrett E. Brown, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
June 5, 2002

_____

Before: SCIRICA, BARRY, and WEIS, Circuit Judges

(Opinion Filed: June 7, 2002)

_____

OPINION OF THE COURT

_____

BARRY, Circuit Judge

On September 15, 1998, Marie Jackson filed suit against Chubb Corporation, Chubb & Son, Inc., a division of Federal Insurance Company, and 16 individual employees, alleging race, gender, and age discrimination in the workplace.  After a series of motions and rulings thereon by the District Court, the defendants ultimately prevailed.  Jackson appeals, challenging:  (1) an order filed on August 16, 1999 that dismissed the Chubb Corporation as a named defendant; (2) the portion of an order filed on September 5, 2000 that dismissed Jackson's NJLAD claims on statute of limitations grounds; (3) an order filed on December 5, 2000 that affirmed the order of the Magistrate Judge denying Jackson's motions for additional discovery; and (4) the portion of an order filed on March 21, 2001 that, following the Court's lengthy and altogether thorough opinion, granted summary judgment in favor of the defendants on her remaining NJLAD claims.  After careful consideration, we conclude that Jackson's claims are wholly unavailing and we will affirm the District Court.  We have jurisdiction to hear this appeal under 28 U.S.C.  1291.  Because the parties are familiar with the facts, we need not recite them here.

Jackson first argues that the District Court erroneously dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), all but a few of her NJLAD claims on statute of limitation grounds. She asserts that a six-year and not a two-year statute of limitations applies to all of the

dismissed claims.  The Supreme Court of New Jersey has clearly held, however, that a two-year statute of limitations applies to all claims under the NJLAD in which the "operative facts" arose after July 27, 1993.  Montells v. Haynes, 133 N.J. 282, 298 (1993).  We agree with the District Court that all of the "operative facts arose in and after 1994 and, therefore, the two-year statute of limitations applies" to Jackson's dismissed claims.  App. at 48.  In the alternative, Jackson argues that the statute of limitations should have been tolled because "no single specific event in [a] continuous pattern of violations placed [her] on notice."  Appellant's Br. at 22.  Because Jackson's claims arose from discrete employment actions, and because it is clear from Jackson's complaint that she believed that she was being discriminated against at the time of these actions, we find that the continuing violation theory does not apply here.  Bolinger v. Bell Atlantic , 330 N.J. Super. 300, 308-09 (App. Div. 2000); accord Rush v. Scott Specialty Gases, Inc., 113 F.3d 476, 483 (3d Cir. 1997); Bullington v. United States Airlines, Inc., 186 F.3d 1301, 1311(10th Cir. 1999).

Jackson next argues that the District Court erred in granting summary judgment for the defendants on her remaining NJLAD claims.  The burden-shifting framework adopted for Title VII cases as originally set forth in McDonnell Douglas v. Green, 411 U.S. 792 (1973), is the same framework utilized in NJLAD cases.  Peper v. Princeton Univ. Bd. Of Trustees, 77 N.J. 55, 82 (1981).  Where an employee has established a prima facie case of discrimination, the employer must articulate a legitimate, non-discriminatory reason for the employment action, after which the burden shifts back to the employee to show pretext.  St. Mary's Honor Ctr. V. Hicks, 509 U.S. 502, 507-08 (1993); Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 596 (1988). Assuming, without deciding, that Jackson established a prima facie case, and that the defendants articulated non-discriminatory reasons for their actions, we find that Jackson failed to show pretext and, accordingly, her claim fails.

Jackson also argues that the District Court erred when it affirmed the Magistrate Judge's denial of her motions seeking additional discovery.  Jackson failed, however, to appeal the order of the Magistrate Judge in a timely manner.  Federal Rule of Civil Procedure Rule 72(a) states, in relevant part, that "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order."  Jackson filed an objection seven days after the deadline and never moved for an extension pursuant to Federal Rule of Civil Procedure 6.  Consequently, she waived her right to claim error as to this issue.

Finally, Jackson argues that the District Court erred when it dismissed the Chubb Corporation as a defendant.  The District Court found that the Chubb Corporation was not a proper party to the suit because it was a separate and distinct entity from its subsidiary, Chubb & Son, Inc., which was Jackson's actual employer.  The Court also found that there were no grounds for allowing Jackson to pierce the corporate veil as to the Chubb Corporation.  Because we have found that the subsidiary, Chubb & Son, Inc., is not liable, it follows that its parent company, Chubb Corporation, cannot be held liable.  Thus, this claim is moot.

We will affirm the orders of the District Court.


TO THE CLERK OF THE COURT:
Kindly file the foregoing Opinion.

/s/ Maryanne Trump Barry
Circuit Judge